JONES v. CHESTER.

Under Gen. Laws, *c.* 115, *ss.* 14, 15, Laws 1885, *c.* 31, and Laws 1889, *c.* 97, *ss.* 1, 2, orders given by the selectmen of a town in favor of persons suffering damages to their domestic animals by dogs, are payable in full on the first day of March.

Assumpsit is the proper form of action on such orders, and they may be made negotiable.

ASSUMPSIT, upon an order of the defendants' selectmen, dated June 28, 1890, and directing the treasurer of the town to pay " Henry D. French or bearer $170 in full, for value of horse which they claim died of hydrophobia, and also for doctor's fee." The writ is dated March 30, 1891.

In the spring of 1890 French's horse died of hydrophobia caused by the bite of a mad dog.　Within thirty days he presented to the selectmen proof of the nature and extent of his loss.　He claimed $210, including a veterinary surgeon's fee of $10.　The selectmen offered $150.　June 28, $170 was agreed upon and the order given.　French sold the order to the plaintiff July 7, 1890, and the plaintiff presented it for payment to the treasurer, who declined to pay it on the ground that it was not payable until March 1, 1891.　The orders drawn by the selectmen in favor of persons suffering damage to domestic animals from dogs amounted to $191, and the amount received from taxes on

dogs was $64. On or before January 1, 1891, the statement required by Laws of 1889, *c.* 97, *s.* 1, was sent to the state treasurer, who paid the deficiency to the town treasurer December 15, 1891. A demand of payment made by the plaintiff March 28, 1891, was refused by the town treasurer for the reason that he had not received the deficiency.

The defendants moved for a nonsuit because (1) the form of action should be debt instead of assumpsit, and because (2) the order is not negotiable; and, the motion being denied, they claimed that the plaintiff could recover, if anything, no more than his proportional part of $64, and that if he is entitled to recover the full amount of his damage, the surgeon's fee must be deducted from the amount of the order.

*John T. Bartlett*, for the plaintiff.

*Edwin G. Eastman*, for the defendants.

CARPENTER, J. "Every person suffering loss or damage by reason of the worrying, maiming, or killing of his sheep, lambs, or other domestic animals by a dog, may, within thirty days after he knows of such loss or damage, present to the selectmen of the town wherein such loss or damage happens, proof of the nature and extent thereof; and they shall draw an order in favor of the person suffering such loss or damage upon the treasurer of said town for the amount of the same.

"The treasurer of each town shall register all such orders at the time of their presentation, and annually, on the first day of March, pay them in full, if the gross amount received by his town from taxes on dogs, and not previously paid out, shall be sufficient for that purpose; otherwise he shall divide such amount *pro rata* among such orders, in full discharge thereof." Gen. Laws, *c.* 115, *ss.* 14, 15; Laws 1885, *c.* 31.

Under these statutes sufferers from injuries to their animals by dogs received each his proportional part of the dog tax, not exceeding his loss. If there was no dog tax, he received nothing. Persons injured might in some towns obtain full indemnity; in others, partial or possibly no compensation. To remedy this inequality, the legislature of 1889 enacted that "In all towns of the state where the dog tax is not sufficient to pay the damage done to sheep and other domestic animals by dogs in said town, the treasurer of the town shall annually, on or before the first day of January, forward to the state treasurer a statement of said deficiency, together with a sworn statement of the selectmen of said town that all damage done by dogs to sheep and other domestic animals has been assessed at its just and fair value, according to their best knowledge and belief. The state treasurer shall annually, on or before the first day of February of each year, pay to the

treasurer of the town such deficiency out of any money in the treasury not otherwise appropriated." Laws 1889, c. 97, ss. 1, 2.

These provisions, construed in connection with the sections before cited, make the intention of the legislature to require the orders to be paid in full on the first day of March as clear as if full payment at that time were directed in express terms. Their sole object was to secure such payment. The credit of the state is pledged to provide for any deficiency. It is reasonably certain to be paid. The obligation of the state treasurer to pay it, when properly certified, on or before February 1, is imperative. If he fails to do so the town has a sure and adequate remedy. The legislature did not intend that the full indemnity provided by law should be prevented or delayed by the neglect of public officers to perform their duty. In legal effect, the order was payable in full March 1, 1891. Had French inserted words making it expressly payable in full on that day, it would not have been a material alteration.

Assumpsit is the proper form of action. *Hillsborough County* v. *Londonderry*, 43 N. H. 451. The selectmen were required by law to give the order as an acknowledgment of the statutory indebtedness of the town, and were authorized to make it negotiable. *Andover* v. *Grafton*, 7 N. H. 298, 302, 303; *Great Falls Bank* v. *Farmington*, 41 N. H. 32, 36; *Rich* v. *Errol*, 51 N. H. 350, 356.

The question whether the defendants are liable for the surgeon's fee need not be determined. It does not appear with sufficient certainty that any part of it was included in the amount awarded. The claim was for $210, including the fee of $10. The selectmen allowed $170 "as the sum for which the order should be given." They may have allowed the whole, a part, or none of the surgeon's fee. The words of the order "also for doctor's fee" are evidence on the question, but they are not conclusive.

*Judgment for the plaintiff.*

SMITH, J., did not sit: the others concurred.